IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 4:17-CV-49-BO

| | |
|---|---|
| INDEPENDENT WAREHOUSE, <br> Plaintiff, <br><br> v. <br><br> SAMUEL KIM, <br> Defendant. | ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) |

This matter is before the Court on plaintiff's motion to dismiss defendant's amended counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE 16]. The matter has been fully briefed and is ripe for ruling. For the reasons discussed below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff produces and sells tobacco in Pitt County, North Carolina. Defendant and plaintiff entered into an Asset Purchase Agreement relating to a tobacco production enterprise in 2014. Plaintiff agreed to sell office equipment, intellectual property, and a federal tobacco permit, as well as loose tobacco, to defendant. In 2015, defendant stopped making payments, and plaintiff sued in state court. That case was settled, though the parties decided to keep doing business together. They committed to a settlement agreement that still contemplated the transfer of the equipment, intellectual property, and the tobacco permit, as well as the sale of tobacco.

In early 2017, defendant again stopped making payments. Plaintiff again sued defendant in state court, alleging $100,000 in damages. Defendant removed the case to federal court on the basis of diversity jurisdiction and filed several counterclaims, which are the subject of plaintiff's

motion to dismiss. Defendant's counterclaims arise out of the purported transfer of the federal tobacco permit. Such permits are governed by the Department of the Treasury's Alcohol and Tobacco Tax and Trade Bureau ("TTB"). Defendant alleges four separate counterclaims against plaintiff: breach of contract, unjust enrichment, actual fraud, and unfair and deceptive trade practices.

## ANALYSIS

Plaintiff's motion to dismiss the counterclaims is made under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

However, the Court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555

(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

I.  Defendant's Breach of Contract Claim

Defendant sufficiently alleges facts such that the breach of contract claim is not dismissed. In North Carolina, the elements of a breach of contract are the presence of a valid contract, the breach of the terms of that contract, and damages. *Supplee v. Miller-Motte Bus. Coll., Inc.*, 768 S.E.2d 582, 590 (2015).

In his complaint, defendant alleges that plaintiff and defendant entered into two contracts: an Asset Purchase Agreement, followed by the Settlement Agreement after their first dispute. Defendant alleges that the Section 1.1 of the contract, which reads, "Seller hereby agrees to sell, transfer, convey, assign and deliver to Buyer . . . the federal tobacco permit" was a contract to transfer the existing federal tobacco permit in plaintiff's name to defendant. Defendant further alleges that the permit was never transferred, and so he suffered damages by paying for something he never received.

Plaintiff and defendant's dispute appears to boil down to one question: what their contract to "transfer" a tobacco permit means. Plaintiff argues in its motion that their contract was in fact to "maintain the tobacco permit and sell tobacco to Defendant" until the TTB approved defendant's application, and defendant's status with the TTB was a risk defendant agreed to bear. However, plaintiff has failed to show why the word "transfer," which is used in the Agreement, in all settlement materials from the previous lawsuit, and in its motions before

this Court, should be understood to mean something other than the actual transfer of the existing permit.

Defendant has pled sufficient facts to show that a contract to transfer a permit, where the permit is never transferred, could constitute a breach of contract. Defendant has stated a claim upon which relief could be granted.

II. Unjust Enrichment

Defendant's unjust enrichment claim may also proceed. While a breach of contract claim requires the presence of a valid contract, an unjust enrichment claim requires that there *not* be a valid contract. *See, e.g., Augustson v. Bank of Am., N.A.,* 864 F. Supp. 2d 422, 438 (E.D.N.C. 2012). When the validity of the contract is in question, unjust enrichment can be pled as an alternative to breach of contract. *See, e.g., Volumetrics Med. Imaging, Inc. v. ATL Ultrasounds, Inc.*, 243 F. Supp. 2d 386, 411 (M.D.N.C. 2003).

When consideration does not exist, neither does the contract. *See Mills v. Bonin*, 80 S.E. 2d 365 (1954). Consideration that is impossible, illegal, illusory or otherwise invalid cannot underpin a contract. *See* Restatement (Second) of Contracts § 77, 78. Unjust enrichment provides a remedy in the absence of a contract, when one party has been benefited at the expense of the other. *Booe v. Shadrick*, 369 S.E. 2d 554 (1988).

Defendant alleges that he and plaintiff entered into an agreement to transfer a federal tobacco permit, shown by the use of the word "transfer" both in the Asset Purchase Agreement and the Settlement Agreement. Further, defendant has argued that the TTB does not permit the transfer of a tobacco permit from one person to another, absent the sale of a business, which all parties agree did not happen here. If defendant paid plaintiff for a transferred permit, then

defendant paid plaintiff money on the basis of a contract that is void, because defendant has stated facts to suggest that the consideration—the transfer of an existing permit—is impossible.

Plaintiff emphasizes in its briefing that defendant was represented by counsel and that all business ventures bear the risk of failure. This is true. But defendant claims he has paid plaintiff money, not in the hope that his new tobacco permit application would be approved, but in exchange for the existing tobacco permit, which plaintiff said could be reassigned. Defendant has therefore stated a claim upon which relief can be granted.

III. Fraud

Five elements are required for fraud in North Carolina: "(1) a false representation or concealment of a material fact; (2) reasonably calculated to deceive; (3) made with intent to deceive; (4) and which does, in fact, deceive; (5) to the hurt of the injured party." *Vail v. Vail*, 63 S.E.2d 202, 205 (1951). Mere allegations or conclusory statements will not suffice. In addition to the normal requirements of pleading, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for fraud or mistake, requiring a party to "state with particularity the circumstances constituting fraud or mistake." Fed R. Civ. P. 9(b).

Defendant's fraud claim stems from the contents of the Asset Purchase Agreement, which he argues contains specific misrepresentations regarding the status of the sale of the tobacco permit. According to defendant, plaintiff represented in the agreement the tobacco permit would be transferred, defendant relied on that representation, and he was deceived.

Section 5.1 of the Agreement explicitly notes that the TTB has sole discretion over whether a permit will be approved or not, and that neither party guarantees such approval.

Plaintiff's discussion of what it means to transfer a permit is unsatisfactory, but the Agreement is not deceptive on its face or fraudulent. As such, the claim is dismissed.

IV. Unfair and Deceptive Trade Practices

Finally, defendant has not pled sufficient facts to constitute a claim for unfair or deceptive trade practices.

Under North Carolina law, a contract claim does not rise to the level of an unfair or deceptive trade practice absent "substantial aggravating circumstances." *See* N.C. Gen. Stat. §75.1; *PCS Phosphate Co. v. Norfolk Southern Corp.*, 559 F.3d 212, 224 (4th Cir. 2009). Defendant has not alleged any aggravating circumstances. Therefore, defendant's trade practices claim is dismissed for failing to state a claim.

CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss the amended counterclaims [DE 16] is GRANTED in part and DENIED in part.

SO ORDERED, this 28 day of September, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE