IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CV-49-BO

| | |
|---|---|
| INDEPENDENT WAREHOUSE, LLC, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAMUEL KIM, ) <br> Defendant. ) | O R D E R |

This matter is before the Court on defendant's motion to amend and motion to add a party. Plaintiff has responded in opposition, defendant has replied, and the matter is ripe for ruling. For the below reasons, the motion is granted.

Plaintiff is a limited liability company wholly owned by named James Franklin Belcher. In 2014, plaintiff and Belcher both entered into an asset purchase agreement with defendant Samuel Kim which purported to transfer a federal tobacco permit. Issues arose, defendant stopped making payments, and plaintiff filed suit in state court in 2015. The parties settled and continued to do business until defendant stopped making payments in early 2017, at which point plaintiff sued again. Defendant filed several counterclaims, two of which were previously dismissed by this Court after the case was removed here. Defendant also moved to amend their answer and join James Franklin Belcher as a party, which plaintiff opposed and is the subject of the Court's discussion here.

Federal Rule of Civil Procedure 15(a) requires that leave to amend should be "freely given" by the Court when "justice so requires." Fed. R. Civ. P. 15(a). Although the right to amend is not unfettered, "[t]he law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad

faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted).

Parties may be joined when "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Plaintiff has opposed defendant's motion to amend on the grounds that it is futile, because defendant's only support for his motion is that Belcher was an individual party to the contract. As that fact is highly relevant to a determination of liability, plaintiff's argument fails and defendant will be granted leave to amend.

Similarly, plaintiff's opposition to defendant's motion for joinder fails. James Franklin Belcher, in his individual capacity, was a party to the underlying contract that led to this dispute. While he did not sign the later settlement agreement in his individual capacity, that agreement neither invalidated the previous contract nor removed him as a party. As a party to that contract, any relief asserted against him would arise out of the same contract claims asserted against Independent Warehouse. Accordingly, his joinder is permissible under the Federal Rules of Civil Procedure.

## CONCLUSION

For the above reasons, defendant's motion [DE 23] is GRANTED. Defendant is granted thirty (30) days to file on the docket his second amended answer and counterclaims.

SO ORDERED, this 31 day of May, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE